IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


DANA FISCUS,                                              CV. 10-910-MO

       Petitioner,

   v.                                                OPINION & ORDER

JEFFREY THOMAS,

       Respondent.


STEPHEN R. SADY
Office of the Federal Public Defender
101 SW main Street, Suite 1700
Portland, OR  97204

    Attorney for Petitioner


DWIGHT C. HOLTON
United States Attorney
RONALD SILVER
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902

    Attorneys for Respondent


1 - OPINION & ORDER

MOSMAN, District Judge.

Petitioner, Dana Fiscus, an inmate at Federal Prison Camp ("FPC"), Sheridan, at the time he filed his habeas petition, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  He challenges the legality of the Sliding Scale Sentence Reduction ("SSSR") policy for awarding early release incentives to Residential Drug Abuse Treatment Program ("RDAP") graduates, as outlined in Bureau of Prisons ("BOP") Program Statement P5331.02 p.7 (3/16/2009).  Petitioner asserts the SSSR is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law, and that SSSR was promulgated in violation of procedural requirements of the Administrative Procedures Act ("APA").  (#1, Pet. at 2-3.) Upon review of the record, the Court finds the "sliding scale sentence reduction" valid under § 706(2)(A) of the APA.  Accordingly, habeas relief is not warranted.

## BACKGROUND

On November 3, 2010, the Court issued an Order to Show Cause why relief should not be granted on the petition when the government failed to file an Answer to the petition.  (#21.)  In its Response, the government argued the petition should be denied as moot because the BOP has removed application of the SSSR to Petitioner, Petitioner has been placed in a Residential Re-Entry Center ("RRC") and his potential release date moved forward, and there was no further relief the Court could grant.  (#22, at 2.)

2 - OPINION & ORDER

Petitioner argued the case was not moot because the underlying
legal challenge to the SSSR rule had not been resolved; and because
he remained in BOP custody and the Court could provide equitable
relief for the injury he alleges - over incarceration from
application of the SSSR rule.  (#23, at 2.)

The Court found the question of the validity of the SSSR rule
remained unresolved.  Under Ninth Circuit precedent, when a legal
dispute is unresolved and there is a possibility the petitioner
could receive a reduction in his term of supervised release under
18 U.S.C. § 3583(e), even if it requires filing a separate action,
mootness is defeated.  *See Kittel v. Thomas*, 620 F.3d 949, 951 (9th
Cir. 2010).  The Court, thus, rejected the government's contention
Petitioner's claim was moot and ordered briefing on the merits.
The Court now reviews Petitioner's challenge to the SSSR rule on
the merits.

I.   Statutory and Regulatory Framework

In 18 U.S.C. §§ 3621-3625, Congress vested the BOP with broad
authority to manage the imprisonment of a convicted person, and
specified "[t]he Bureau shall make available appropriate substance
abuse treatment for each prisoner the Bureau determines has a
treatable condition of substance addiction or abuse."  18 U.S.C.
§ 3621(b).  In § 3621(e), Congress articulated a specific statutory
mandate for residential substance abuse treatment programs for

"eligible prisoners." The program the BOP created to satisfy this mandate is the Residential Drub Abuse Program ("RDAP").

In 1994, Congress enacted the Violent Crime Control Law Enforcement Act of 1994 ("VCCLEA"), which amended 18 U.S.C. § 3621 to include a discretionary early release incentive for inmates convicted of non-violent offenses who successfully completed RDAP. 18 U.S.C. § 3621(e)(2). Exercising its broad discretion under the statute, the BOP promulgated a series of implementing regulations and internal agency guidelines for administering the early release incentive.

The regulations governing RDAP and the associated early release incentive are found at 28 C.F.R. §§ 550.50-550.57 (2009). Section 550.55(c)(2) specifies the BOP may limit the time frame of early release based upon the length of sentence imposed by court order. The associated internal agency guidelines that are relevant to this action are found in Program Statement P5331.02 (3/16/2009) - Early Release Procedures Under 18 U.S.C. § 3621(e). Section 10 of the program statement specifies, in relevant part:

> Following completion of Transitional Drug Abuse Treatment (TDAT), inmates found to be eligible for an early release under 18 U.S.C. § 3621(e) *may* receive that early release *based upon the length of their sentence*, as detailed in the table below.

| Sentence Length | Early Release Time-Frame |
|---|---|
| 30 MONTHS or LESS | No more than 6 months |
| 31-36 MONTHS | No more than 9 months |
| 37 MONTHS OR MORE | No more than 12 months |

> Any change in current offense sentence length as imposed
> by order of the Court will result in a recalculation of
> sentence computation and provisional incentive. For
> example, a 36-month sentence reduced to a 24-month
> sentence will result in no more than a 6-month early
> release.

(emphasis in original).

While the substantive and procedural validity of the BOP's regulations and internal agency guidelines pertaining to RDAP and early release have been challenged repeatedly, courts have upheld the BOP's broad exercise of discretion under § 3621 to narrow the class of inmates eligible for early release and to otherwise manage RDAP-related matters. *See Lopez v. Davis*, 531 U.S. 230 (2001) (BOP had discretion under governing statute to promulgate regulations that categorically deny early release eligibility to certain categories of inmates); *Sacora v. Thomas*, 628 F.3d 1059 (9th Cir. 2010)(BOP's residential reentry center ("RRC") policies reasonably implemented the Second Chance Act and were not arbitrary and capricious); *Mora-Meraz*, 601 F.3d 933 (9th Cir. 2010)(12-month rule requiring documentation of substance abuse for RDAP eligibility is not inconsistent with regulation and is a valid interpretive rule); *Jacks v. Crabtree*, 114 F.3d 983 (9th Cir. 1997)(BOP has discretion to promulgate regulations that categorically deny early release eligibility to certain categories of inmates); *Downey v. Crabtree*, 100 F.3d 662 (9th Cir. 1996)(BOP has exclusive authority to decide RDAP eligibility).

II.  <u>Statement of the Case</u>

In 2008, Petitioner pled guilty to conspiracy to manufacture, possess with intent to distribute, and to distribute anabolic steroids, and to money laundering.  (#1, Ex. 1 at 1.)  He was sentenced to five years probation.  (*Id*. at 2.)  Petitioner violated the terms of his probation and, in July 2009, he was sentenced to 30-months imprisonment, to be followed by 36 months of supervised release.  (*Id*. Ex. 2 at 2-3.)  In October 2009, Petitioner enrolled in RDAP.  His projected release date, with sentence reduction under § 3621(e)(2), was set to April 23, 2011, with an anticipated transfer date to a Residential Re-entry Center (RRC) of November 1, 2010.  (#26.)  On August 3, 2010, Petitioner filed the instant petition challenging the SSSR rule under which the BOP limited his early release incentive to 6 months or less.  (#1, at 4-5.)  On September 21, 2010, the BOP removed the application of SSSR, and recalculated Petitioner's early release date to March 25, 2011.  (#26.)  His transfer date for RRC placement remained the same to allow 145 days of RRC time.  (*Id*.)

## DISCUSSION

Petitioner challenges the SSSR rule arguing it is a substantive rule "because it modifies the statutory authority to reduce nonviolent offenders sentences up to one year" and, therefore, it is subject to notice and comment requirements under

the APA. (#27 at 4.)  He further argues the rule does not withstand
§ 706(2)(A) review and is arbitrary and capricious.  (*Id*. at 6-12.)

I.   Review of Agency Action

Agency action must be consistent with the authorizing statute.
*Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S.
837, 842-43 (1984).  The standards a court applies in reviewing
agency action will depend on whether the action was subject to
rule-making notice and comment procedures under § 553 of the APA,
or not.  Agency action subject to notice and comment must be upheld
if it is consistent with the governing statute.  *Id*.

"An agency's obligation to comply with the APA's notice and
comment provisions is an administrative requirement that must be
fulfilled, notwithstanding whether an agency's action is
susceptible to judicial review." *Serrato v. Clark*, 486 F.3d 560,
569 (9th Cir. 2007).  However, the notice-and-comment requirements
do not apply to "interpretive rules, general statements of policy,
or rules of agency organization, procedure or practice," unless
notice and hearing is required by a governing statute.  5 U.S.C.
§ 553(b)(A); *Mora-Meraz*, 601 F.3d at 939.  The statutes governing
federal prisons, imprisonment, and RDAP do not require notice and
hearing.  *See* 18 U.S.C. §§ 4001, 4042, 3621-3626.  Therefore, under
the APA, only the BOP rules that are substantive rules are subject
to the notice-and-comment requirement.

A substantive rule effects a change in existing law or policy
and alters the substantive obligations of the parties. *Gunderson
v. Hood*, 268 F.3d 1149, 1154 (9th Cir. 2001); *see also Chrysler
Corp. v. Brown*, 441 U.S. 281, 302 n.31 (1979) ("[substantive] rules
have the force and effect of law", citing the Attorney General's
Manual on the APA (1947), at 30 n.3). In contrast, "agencies issue
interpretive rule to clarify or explain existing law or regulations
so as to advise the public of the agency's construction of the
rules it administers." *Gunderson*, 268 F.3d at 1154 (internal
citations and quotations omitted). Petitioner contends the SSSR
rule is a substantive rule because "it modifies the statutory
authority to reduce nonviolent offenders sentences up to one year."
(#27 at 4.) The Court disagrees.

    The statute governing RDAP specifies "[t]he period a prisoner
convicted of a nonviolent offense remains in custody after
successfully completing a treatment program *may be reduced by the
[BOP]*, but such reduction may not be more than one year from the
term the prisoner must otherwise serve. 18 U.S.C. § 3621(e)(2)(B)
(emphasis added). The implementing regulations for the early
release incentive specify, in relevant part, "[u]nder the
Director's discretion allowed by 18 U.S.C. 3621(e), *we may limit
the time-frame of early release* based upon the length of sentence
imposed by the Court." 28 C.F.R. § 550.55(c)(2) (emphasis added).

The SSSR rule in the BOP's internal guidelines specifies the amount of early release incentive the BOP might award an inmate based on the length of sentence.  Program Statement P5331.02, Section 10. The SSSR rule explains and clarifies the amount of time the BOP may be inclined to award inmates depending on the length of their sentence.  The rule does not effect a change in the BOP's statutory authority to exercise its discretion to reduce sentences.  *See Lopez*, 531 U.S. at 241 (BOP "has the authority, but not the duty ... to reduce [the] term of imprisonment" under 18 U.S.C. § 3621(e)(2)(B)).  Nor does it alter the substantive obligations of the parties since the early release incentive remains purely discretionary.  The Court, therefore, concludes the SSSR rule is interpretive and, thus, is not subject to APA notice and comment requirements.  *See Mora-Meraz*, 601 F.3d at 940 (twelve-month rule is interpretive); *see also Gunderson*, 268 F.3d at 1154-55 (clarifying regulatory ambiguities is the function of an interpretive rule).

II.  Review under § 706

Under § 706 of the APA, "the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." "The reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law." § 706(2)(A).  "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins*. Co., 463 U.S. 29, 43 (1983); *Arrington v. Daniels*, 516 F.3d 1106, 1112 (9th Cir. 2008); *Kern County Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006).  Agency action is presumed to be valid if a reasonable basis exists for the agency decision.  *Sacora v. Thomas*, 628 F.3d at 1068 (citing *Crickon v. Thomas*, 579 F.3d 978, 982 (9th Cir. 2009)); *Mora-Meraz*, 601 F.3d at 941.

In reviewing agency action promulgated after notice and comment, the Ninth Circuit has specified, "[a] reasonable basis [for agency action] exists where the agency considered the relevant factors and articulated a rational connection between the facts found and the choices made." *Arrington,* 516 F.3d at 1112 (citation and internal quotation marks omitted).  A determination of whether an agency has satisfied the articulated rationale requirement is based solely on the administrative record.  *Id*.  However, the Ninth Circuit has not ruled on whether interpretive rules exempt from notice and comment are subject to the articulated rationale requirement.  *Mora-Meraz*, 601 F.3d at 941.

In *Mora-Meraz*, the petitioner challenged a BOP rule requiring inmates to provide documented proof of substance use within twelve

months of imprisonment in order to be eligible for RDAP. He alleged the rule was invalid under two theories: 1) the BOP failed to follow notice and comment requirements under § 553(b) of the APA, and 2) the BOP failed to provide an adequate articulated rationale. The court rejected the petitioner's first theory, holding the 12-month rule was interpretive and not subject to notice and comment. *Id.* at 940. Addressing petitioner's second theory, the court rejected the argument that Ninth Circuit case law requires that all agency rules satisfy the articulated-rationale requirement, stating that discussions of program statements in the context of *Skidmore* deference "have no bearing on whether interpretive rules are subject to § 706's articulated rationale requirement." *Id.* at 941. And because the court found the BOP had "set forth an adequate explanation for the twelve-month [rule]" the court did not need to determine whether the articulated rationale requirement always applies.

III. <u>Analysis</u>

    1.   <u>Articulated Rationale Requirement</u>

    The APA and case law distinguish between substantive agency rules that create new rights or duties, and interpretive agency rules. Substantive rules are subject to the rigors of publication, notice, and comment requirements under § 553 of the APA. The process results in creation of an administrative record that courts can review under § 706(2)(A), and to which courts have applied the

articulated rationale requirement in reviewing the validity of agency rules. *See Tablada*, 533 F.3d 800*; Arrington*, 516 F.3d 1106. In contrast, interpretive rules are specifically exempt from the rigors of notice and comment under § 553(b)(3)(A), and implicitly exempt from having to be supported by an administrative record comparable to that resulting from the notice and comment process.

Extending the articulated rationale requirement to interpretive rules would necessitate creation of an administrative record for interpretive rules on par with that required for substantive rules. *See Arrington,* 516 F.3d at 1112 (determination based solely on administrative record.) And such a requirement would nullify the APA's specific exception to rule-making requirements for interpretive rules. Canons of statutory construction and common sense leads the Court to conclude that agency action for the purpose of clarifying or explaining regulations promulgated under the rigors of notice and comment does not require creation of an administrative record comparable to that resulting from the notice and comment procedures, and need not satisfy the articulated rationale requirement to be valid. *See e.g., Mackey v. Lanier Collection Agency & Services, Inc.*, 486 U.S. 825, 837, and n.11 (1988). Therefore, it is only if the SSSR rule is inconsistent with the governing statute and regulations that it is invalid under § 706(2)(A).

/ / /

2.    <u>Sliding Scale Sentence Reduction (SSSR) Rule</u>

The statute governing RDAP specifies, in relevant part:

**(A)  Generally**.  Any prisoner who, in the judgment of the
Director  of  the  [BOP],  has  successfully  completed  a
program of residential substance abuse treatment provided
under paragraph (1) of this subsection, *shall remain in
the custody of the [BOP] under such conditions as the
Bureau deems appropriate.*
**(B) Period of Custody**.  The period a prisoner convicted
of  a  nonviolent  offense  remains  in  custody  after
successfully  completing  a  treatment  program  *may  be
reduced by the [BOP]*, but such reduction may not be more
than one year from the term the prisoner must otherwise
serve.

Section 3621(e)(2) (emphasis added).  The implementing regulations

for RDAP incentives specify:

(a)  An  *inmate  may  receive*  incentives  for  his  or  her
satisfactory participation in the RDAP.  *Institutions may
offer* the basic incentives described in paragraph (a)(1)
of this section.

(1) Basic incentives.

***

(iv) Early release, if eligible under § 550.55.

28 C.F.R. § 550.54 (emphasis added).  The discretionary nature of

the early release incentive is well established.  *Lopez*, 531 U.S.

at 241; *Reeb v. Thomas*, 636 F.3d 1224, 1229 n.4 (9th Cir. 2011);

*Jacks*, 114 F.3d at 986 n.4.

The implementing regulations for early release specify:

(c) Early release time-frame.

(1) Inmates so approved *may receive early release* up to
twelve months prior to the expiration of the term of

incarceration, *except as provided in paragraphs (c)(2) and (3)* of this section.

(2) Under the [BOP] Director's discretion allowed by 18 U.S.C. 3621(e), *we may limit the time frame of early release based upon the length of sentence imposed by the Court.*

(3) If inmates cannot fulfill their community-based treatment obligations by the presumptive release date, *we may adjust provisional release dates* by the least amount of time necessary to allow inmates to fulfill their treatment obligations.

28 C.F.R. § 550.55(c) (emphasis added).  Promulgation of the regulation was subject to notice and comment procedures, through which the BOP received a comment stating: "the [BOP] should, instead of giving a year off, award time off up to a year based on the inmate's level of dedication to their sobriety, as determined by a council consisting of the local DAP Coordinator and specialists." 74 Fed. Reg. 1895 (January 14, 2009)(comments on the 2004 proposed rule).  The BOP responded:

In fact, we award time off of "up to" a year, based on several factors, including the inmate's level of dedication to sobriety.  Title 18 U.S.C. 3621(e)(2)(B) gives the Bureau the discretion to reduce the period of incarceration for an inmate who successfully completes [RDAP], but "such reduction  may not be more than one year."  In § 550.55(c), we have chosen to exercise this discretion by awarding early release based on successful completion of [RDAP], the length of sentence imposed by the Court, and fulfillment of the inmate's community based treatment obligations by the presumptive release date.

In § 550.55(c)(2), we add language explaining that, under the Director's discretion allowed by 18 U.S.C. 3621(e), we may limit early release based upon the length of sentence imposed by the Court. We add this provision to

> adhere to the Court's intent in determining the length of the sentence. An early release of a substantial period of time (e.g., twelve months) for relatively short sentences would diminish the seriousness of the offense and unduly undercut the sentencing court's punitive intent, as manifested in the length of the sentence imposed.

*Id*.

Agency action subject to rule-making notice and comment must be upheld if it is consistent with the governing statute. Section § 550.55(c) is not inconsistent with § 3621(e)(2)(B), and Petitioner does not challenge its validity. He does, however, challenge the validity of the accompanying internal agency SSSR rule.

Because the SSSR rule is an internal agency guideline that clarifies a valid regulation, and outlines how the BOP may choose to exercise its broad discretion in awarding the early release incentive based on the sentence imposed by the court, the rule is only invalid under § 706(2)(A) if it is inconsistent with the governing statute or regulations. *See Ruby v. Thomas*, CV 10-191-MO. And the SSSR rule is not inconsistent with either.

Section 3621(e)(2) provides for a purely discretionary early release incentive. Section 550.55(c) specifies the BOP may limit the amount of discretionary incentive based on length of sentence. The SSSR rule provides details of how the BOP may limit the discretionary incentive, as § 550.55(c) says it may. The SSSR rule

15 - OPINION & ORDER

is consistent with the regulation and is, therefore, valid under § 706(2)(A).

Even if the Court were to find SSSR rule inconsistent with the statute or regulation relief is not warranted.  The SSSR is an internal agency guideline that can be altered by the bureau at will, *Jacks*, 114 F.3d 985 n.1 (internal guidelines may be altered at will, citing *Koray v. Sizer*, 21 F.3d 558, 562 (3rd Cir. 1994), *rev'd on other grounds sub nom Reno v. Koray*, 515 U.S. 50 (1995)), and Petitioner has not shown that he has suffered an injury from its application.  The failure of the BOP to award what is recognized to be a purely discretionary early release incentive does not constitute an injury warranting habeas relief. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *see also Reeb*, 636 F.3d at 1227 ("a substantive decision by the BOP to . . . deny a sentence reduction for completion of the [RDAP] is not reviewable by the district court.")

/ / /

/ / /

/ / /

16 - OPINION & ORDER

## CONCLUSION

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus is DENIED, with prejudice.

IT IS SO ORDERED.

DATED this __31___ day of May, 2011.


/s/ Michael W. Mosman
        Michael W. Mosman
        United States District Judge